### PARIS v. STATE.

(Court of Criminal Appeals of Texas. March 8, 1911.)

CRIMINAL LAW (§ 1097*)—APPEAL—RECORD—QUESTIONS PRESENTED FOR REVIEW.

Where there is no statement of facts on appeal, the contention urged on motion for new trial that the judgment is contrary to the law and not supported by the evidence cannot be determined.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2938; Dec. Dig. § 1097.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Jim Paris was convicted of aggravated assault, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for aggravated assault. The record is before us without a statement of facts or bills of exception. The only question suggested for revision is found in the motion for a new trial, to wit: The judgment is contrary to the law and not supported by the evidence. As the statement of facts is not before us, we are unable to determine those questions. The conviction is in harmony with the allegations contained in the pleadings.

The judgment is affirmed.

---

### Ex parte BEAUPRE.

(Court of Criminal Appeals of Texas. March 8, 1911.)

HABEAS CORPUS (§ 113*)—REVIEW—WEIGHT OF EVIDENCE.

On appeal from a judgment denying bail on a writ of habeas corpus, the court will not discuss the evidence or the weight to be attached to it.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

O. P. Beaupre applied by writ of habeas corpus to obtain bail. From a denial of the writ, he appeals. Judgment reversed, and bail granted.

J. M. Overstreet and Barry Miller, for appellant. C. E. Lane, Asst. Atty. Gen., R. M. Clark, and C. F. Greenwood, for the State.

DAVIDSON, P. J. Relator was arrested, charged with homicide, and resorted to writ of habeas corpus for the purpose of obtaining bail, and upon a hearing he was remanded to custody, and prosecutes this appeal.

In matters of this sort it is the practice of this court not to discuss the evidence and the weight to be attached to it. After a careful reading of the statement of facts, we are of opinion that the court was in error, and that relator is entitled to bail.

The judgment is reversed, and bail is granted in the sum of $10,000; the bond to be approved by the sheriff of Dallas county.